

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

February 16, 2018

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

                    Re:    *Riverkeeper, Inc. v. Pruitt*, No. 17 Civ. 4916 (VSB)

Dear Judge Broderick:

      This Office represents Scott Pruitt, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA"), Peter D. Lopez, in his official capacity as Regional Administrator, EPA, Region 2,[1] and EPA (collectively, the "Government"), who are Defendants in the above-captioned litigation. We write respectfully to respond to the letter that Plaintiffs submitted to the Court on February 8, 2018, seeking to move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Dkt. No. 58), despite this Court's previous order holding Plaintiffs' earlier request to commence merits briefing (pursuant to Fed. R. Civ. P. 56) in abeyance until after the Court adjudicates Defendants' pending motion for a stay. Dkt. No. 36.

      A Rule 12(c) motion would be inappropriate here. Judgment on the pleadings, which a Rule 12(c) motion requests, "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). Plaintiffs suggest in their February 8 letter that Defendants' Answer, which Defendants filed on January 17, 2018 (Dkt. No. 57), somehow conceded all of the material issues in this case, making a Rule 12(c) motion appropriate. *See* Dkt. No. 58 at 1-2. This suggestion is incorrect. Defendants' Answer, while admitting certain facts that are, by and large, in the public record, does not concede Plaintiffs' factual characterizations of key events. *See* Dkt. No. 57. This is not a circumstance, therefore, in which a Rule 12(c) motion is appropriate.[2]

      Moreover, all the reasons set forth in Defendants' motion to stay, explaining why further litigation on the merits in this case should be paused to allow the EPA and New York State to

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Peter D. Lopez is automatically substituted as a defendant for Catherine McCabe.

[2] In addition, litigants in an agency action case should not use a Rule 12(c) motion to circumvent the administrative record requirement. *See Greene v. Carson*, 256 F. Supp. 3d 411, 431 (S.D.N.Y. 2017).

continue to work cooperatively to replace the portion of the State water quality standards that are the subject of this litigation, apply with full force with respect to Plaintiffs' request to file a Rule 12(c) motion. Dkt. Nos. 40, 55. As explained in Defendants' motion, all of the factors that courts evaluate in considering stay motions tilt decidedly towards the conclusion that merits litigation in this matter should be temporarily stayed. Allowing Defendants, New York State, and other interested parties to focus on developing updated water quality standards through a complete and cooperative administrative rule-making process, rather than becoming mired in litigation over the old standards to be replaced, would serve the interests of the parties, the interest of the court in efficiency and finality, and the interests of non-parties (for example, municipal dischargers who would be directly affected by updated water quality criteria) and the public. Dkt. No. 40 at 5-9.

For these reasons, the Court should hold in abeyance Plaintiffs' request to file a Rule 12(c) motion.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By:  */s/ Rebecca S. Tinio*
REBECCA S. TINIO
Assistant United States Attorney
Tel: (212) 637-2774
Fax: (212) 637-2702

cc (via ECF): All counsel of record