USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
RIVERKEEPER, INC.; CONNECTICUT :
FUND FOR THE ENVIRONMENT, d/b/a :
SAVE THE SOUND; NATURAL :
RESOURCES DEFENSE COUNCIL, INC.; :
WATERKEEPER ALLIANCE, INC.; :
RARITAN BAYKEEPER, INC., d/b/a :
NY/NJ BAYKEEPER; BRONX COUNCIL :
FOR ENVIRONMENTAL QUALITY; :
NEWTOWN CREEK ALLIANCE; :
JAMAICA BAY ECOWATCHERS; :
HUDSON RIVER WATERTRAIL :
ASSOCIATION, :
:
Plaintiffs, :
:
-against- :
:
ANDREW WHEELER, Administrator of the :
United States Environmental Protection :
Agency; PETER D. LOPEZ, Regional :
Administrator, Environmental Protection :
Agency, Region 2; and THE UNITED :
STATES ENVIRONMENTAL :
PROTECTION AGENCY, :
:
Defendants. :
:
THE CITY OF NEW YORK, and THE NEW :
YORK STATE DEPARTMENT OF :
ENVIRONMENTAL CONSERVATION, :
:
Intervenor :
Defendants. :
-------------------------------------------------------- X

17-CV-4916 (VSB)

**OPINION & ORDER**

Appearances:

Karl Stephen Coplan
Todd Douglas Ommen
Pace Environmental Litigation Clinic, Inc.
White Plains, NY
*Counsel for Plaintiffs*

Andrew Edward Krause
Rebecca Sol Tinio
U.S. Attorney's Office, SDNY
New York, NY
*Counsel for Defendants*

William Samuel Macgreg Plache
New York City Law Department
New York, NY
*Counsel for Intervenor Defendant City of New York*

Andrew Gerard Frank
New York State Office of the Attorney General
New York, NY
*Counsel for Intervenor Defendant New York State
Department of Environmental Conservation*

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiffs' motion for reconsideration or to amend the judgment pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), and for leave to file an amended complaint. (Doc. 108.) Because I twice construed Plaintiffs' original complaint as raising a claim under Section 706(1) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 501 *et seq.*, I grant Plaintiffs' motion and direct Plaintiffs to file their proposed amended complaint.

## I. Background

Plaintiffs Riverkeeper, Inc., Connecticut Fund for the Environment, Natural Resources Defense Council, Inc., Waterkeeper Alliance, Inc., Raritan Baykeeper, Inc., Bronx Council for Environmental Quality, Newtown Creek Alliance, Jamaica Bay Ecowatchers, and Hudson River Watertrail Association (collectively "Plaintiffs") filed this action on June 29, 2017, alleging two[1] causes of action "pursuant to Clean Water Act § 505(a)(2), 33 U.S.C. § 1365(a)(2), to enforce

---

[1] On May 22, 2019, Plaintiffs voluntarily dismissed their second cause of action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 99.) Accordingly, this opinion does not affect Plaintiffs' dismissal of their original complaint's second cause of action.

2

the non-discretionary duty of the Administrator of the Environmental Protection Agency to disapprove and replace New York State's revised water quality standards for disease causing pathogens in surface waters." (Compl. ¶ 1.)[2] Specifically, Plaintiffs' complaint stated that the EPA "has failed to carry out its nondiscretionary duties under [Clean Water Act] section 303(c)(3)-(4) to propose and promulgate [] necessary standards, and has also thereby 'unlawfully withheld or unreasonably delayed' agency action, 5 U.S.C. § 706(a)(1)." (Compl. ¶¶ 49, 56.) Plaintiffs' complaint sought, in relevant part, a declaratory judgment that Defendants violated "the [EPA's] non-discretionary duty under section 303(c)(3) and (4) of the [Clean Water Act], 33 U.S.C. § 1313(c)(3), (4), and that the [EPA] [] unlawfully withheld and unreasonably delayed promulgating" New York's water quality criteria. (*Id.* at Prayer for Relief ¶ 1.)

On February 20, 2018, I entered an Opinion & Order denying Defendants' motion to stay this litigation pending Intervenor Defendant New York Department of Environmental Conservation's submission of revised New York water quality standards to the New York Department of State. (Doc. 60.) In that Opinion & Order, I characterized Plaintiffs' suit as a "citizen action pursuant to the Clean Water Act [] and the Administrative Procedure Act [] requesting an injunction to compel Defendants to comply with their allegedly non-discretionary duties under the [Clean Water Act]." (*Id.* at 2.)

On March 16, 2018, Plaintiffs filed a motion for judgment on the pleadings with respect to their first cause of action, (Docs. 76–82), which Defendants and Intervenor Defendants opposed with cross-motions to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction, (Docs. 87–92). On May 10, 2018, Plaintiffs filed a reply brief in support of their

---

[2] "Compl." refers to Plaintiffs' complaint, filed on June 29, 2017, (Doc. 1). Andrew Wheeler and Peter D. Lopez have been substituted as defendants for Scott Pruitt and Catherine McCabe, respectively, pursuant to Federal Rule of Civil Procedure 25(d).

3

original motion and in opposition to Defendants' cross-motions, (Doc. 95), and on May 21, 2018, Defendants similarly filed reply briefs, (Docs. 96–98). On March 15, 2019, I entered an Opinion & Order granting Defendants' cross-motions to dismiss based on a lack of subject matter jurisdiction under the Clean Water Act's citizen suit provision, 33 U.S.C. § 1365(a)(2). (Doc. 106.) In that Opinion & Order, I again characterized Plaintiffs' suit as a "citizen action pursuant to the Clean Water Act [] and the Administrative Procedure Act." (*Id.* at 2 (citing Compl. ¶¶ 42–58).)[3] Because I granted Defendants' cross-motions to dismiss, I directed the Clerk of Court to enter judgment for Defendants on Plaintiffs' claim, and to close the case. (*Id.* at 14.) Accordingly, on March 18, 2019, the Clerk of Court entered final judgment for Defendants, and terminated the case. (Doc. 107.)

On April 1, 2019, Plaintiffs filed the instant motion, (Docs. 108, 109), which Defendants opposed on May 3, 2019, (Docs. 114–116). This motion became fully briefed when Plaintiffs filed their reply memorandum of law on May 17, 2019. (Doc. 117.) Plaintiffs' motion asks me to reopen this case so that I may consider Plaintiffs' APA claim, and to grant leave for Plaintiffs to amend the complaint so that they may more explicitly plead such a claim.

---

[3] Intervenor Defendant New York State Department of Environmental Conservation also acknowledged in its cross-motion that Plaintiffs, "in passing, as an incidental part of their citizen suit claim[], [] cite[d] the 'unlawfully withheld or unreasonably delayed' standard set out in the Administrative Procedure Act, 5 U.S.C. § 706(1)." (Doc. 90, at 15 (citing Compl. ¶¶ 49, 56, Prayer for Relief).) Intervenor Defendant New York State Department of Environmental Conservation further stated, however, that Plaintiffs "d[id] not plead any claims under the Administrative Procedure Act," and "[b]ecause [a] claim under the Administrative Procedure Act [was] not before the Court[,] it [could not] support Plaintiffs' motion for judgment on the pleadings." (*Id.*) Plaintiffs represented in reply that they had "not moved for judgment on the pleadings on their APA claim of unreasonable delay," and further represented that "[a]lthough [the New York State Department of Environmental Conservation] assert[ed] that Plaintiffs 'd[id] not plead any claims" under the APA [], this [was] simply not the case." (Doc. 95, at 15 n.11.) Plaintiffs further stated that "[t]he Complaint plainly allege[d], as an alternative legal theory, that Plaintiffs are entitled to relief under the APA." (*Id.* (citing Compl. at ¶¶ 49, 56).) Defendants similarly acknowledged in their cross-motion the possibility that Plaintiffs' complaint stated an APA claim. (Doc. 88, at 18 ("[T]o the extent the Complaint states a claim for unreasonable delay pursuant to the APA, that claim should not be decided on the pleadings on a Rule 12(c) motion, but in the context of a summary judgment motion and on the basis of an administrative record.").)

## II. **Legal Standards**

"A party seeking to file an amended complaint post[-]judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Smith v. Hogan*, 794 F.3d 249, 252 n.3 (2d Cir. 2015) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)); *accord Janese v. Fay*, 692 F.3d 221, 229 (2d Cir. 2012) ("[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." (quoting *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991))).[4]

"Under Rule 59(e), district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019) (internal quotation marks omitted). "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). "Instead, motions for reconsideration are narrowly construed in order to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Hadassah Acad. Coll. v. Hadassah*

---

[4] Various opinions in this Circuit suggest that Plaintiffs' motion should be construed as a motion under Rule 60(b). *See, e.g.*, *Sahni v. Staff Attorneys Ass'n*, No. 14-CV-9873 (NSR), 2018 WL 654467, at *3 (S.D.N.Y. Jan. 30, 2018) ("Where, as here, a plaintiff moves to amend the complaint after an action has been dismissed without first seeking relief from the judgment, courts may construe the Rule 15 motion as a motion under Rule 60(b)."); *Prince of Peace Enters., Inc. v. Top Quality Food Mkt, LLC*, No. 07-CV-0349 (LAP), 2012 WL 4471267, at *4 (S.D.N.Y. Sept. 21, 2012) ("The Court construes Plaintiff's request to reopen the case and for leave to amend the complaint against [defendant], in essence, a request to vacate the Court's [ ] final judgment of dismissal, as a Rule 60(b) motion."); *see also In re Lawrence*, 293 F.3d 615, 622–23 (2d Cir. 2002) (describing a "district court's decision on whether or not to recharacterize a claim as a Rule 60(b) motion" as an exercise of that court's discretion); 12 James W. Moore, *Moore's Fed. Practice*, § 60.64, at 60–196 (3d ed. 2002) ("Motions seeking to amend a complaint that are made after a judgment of dismissal have been entered have been construed as Rule 60(b) motions."); *but see Schwartz v. HSBC Bank USA, N.A.*, No. 14 Civ. 9525 (KPF), 2017 WL 2634180, at *5 (S.D.N.Y. June 19, 2017), *aff'd*, 750 F. App'x 34 (2d Cir. 2018) (applying rule 59(e)). Because Second Circuit precedent refers to judgements vacated or set aside under both Rules 59(e) and 60(b), I consider both rules in the instant opinion.

*Women's Zionist Org. of Am., Inc.*, No. 18 Civ. 2446 (AT), 2019 WL 1897668, at *1–2 (S.D.N.Y. Apr. 29, 2019). Ultimately, "[a] district court has broad discretion in determining whether to grant a motion to alter or amend the judgment." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983) (per curiam)).

Under Rule 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). "While Rule 60(b)(1) traditionally only permitted a party to seek relief for his own mistake, 'the 1946 amendments changed the language to make clear that relief from judgment was available for any mistake, including the mistake of the Court.'" *Sahni*, 2018 WL 654467, at *4 (citing *In re 310 Assocs.*, 346 F.3d 31, 34–35 (2d Cir. 2003)). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave [to amend] when justice so requires." This is a liberal standard, and a motion to amend should normally only be denied because of a plaintiff's undue delay, bad faith, or dilatory motive, or on grounds that the amendment would cause undue prejudice or is futile. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015); *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (amendment "should be allowed in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant." (internal citations and quotation omitted)). "[I]t is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). "When the moving party

has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." *State Trading Corp. of India*, 921 F.2d at 418. Hence, "Rule 15's liberality must be tempered by considerations of finality, and "[t]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (internal quotations and citations omitted).

### III. Discussion

Plaintiffs urge me to reconsider my March 15, 2019 Opinion & Order, and argue that my dismissal of their Clean Water Act claim should not have entirely disposed of this case due to the presence of their APA claim, which my Opinion & Order briefly mentioned but did not rule on or discuss. Plaintiffs further request leave to amend their complaint to more explicitly articulate their APA claim, and to add a new APA claim arising from new facts. Defendants argue that reconsideration is not necessary, as Plaintiffs' original complaint did not in fact include a cause of action under the APA, and any consideration of such a claim now would give Plaintiffs a second bite at the apple contrary to Second Circuit law. However, I agree with Plaintiffs and find it necessary to grant Plaintiffs' motion in light of the unique circumstances in this case.

As early as February 20, 2018, I myself read Plaintiffs' complaint as raising a claim under the APA when ruling on Defendants' motion to stay. (Doc. 60, at 2 (characterizing Plaintiffs' suit as a "citizen action pursuant to the Clean Water Act [] and the Administrative Procedure Act . . . ." ).) Thus, even before Plaintiffs filed their motion for judgment on the pleadings with respect to their Clean Water Act claim and Defendants filed their cross-motions to dismiss, the record indicated that I construed Plaintiffs' complaint as raising an APA claim.

7

As outlined above, even Intervenor Defendant New York State Department of Environmental Conservation acknowledged in its cross-motion that Plaintiffs' complaint included, "as an incidental part of their citizen suit claim[]" the "unlawfully withheld or unreasonably delayed" language in the APA. (Doc. 90, at 15 (citing Compl. ¶¶ 49, 56, Prayer for Relief).) At that point, Plaintiffs signaled that although they had "not moved for judgment on the pleadings on their APA claim of unreasonable delay," "[t]he Complaint plainly alleges, as an alternative legal theory, that Plaintiffs are entitled to relief under the APA." (Doc. 95, at 15 n.11 (citing Compl. at ¶¶ 49, 56).) Defendants similarly acknowledged the possibility that Plaintiffs' complaint raised an APA claim. (*See* Doc. 88, at 18 ("[T]o the extent the Complaint states a claim for unreasonable delay pursuant to the APA, that claim should not be decided on the pleadings on a Rule 12(c) motion, but in the context of a summary judgment motion and on the basis of an administrative record.").) Although Plaintiffs should have moved to amend their complaint at a point prior to final judgment—to address this confusion and further clarify that their APA claim was a separate cause of action—under the circumstances, I cannot characterize Plaintiffs' failure to do so as involving undue delay, bad faith, or dilatory motive. *See Williams*, 659 F.3d at 214 (mere failure "to request an opportunity to replead in the first instance" is not sufficient grounds to deny leave to replead). Instead, it is entirely possible that Plaintiffs felt it unnecessary to amend the complaint given my prior characterization of the suit as an action pursuant to the APA. In light of my prior characterization of the suit, I find that to now deny Plaintiffs' request for leave to amend would work a manifest injustice.

Additionally, because my March 15, 2019 Opinion & Order dismissing this case reiterated my reading of Plaintiffs' complaint as raising an APA claim, (Doc. 106, at 2 (citing Compl. ¶¶ 42–58)), the entry of final judgment based on the Opinion & Order could cause

8

confusion in a future case if Plaintiffs were indeed forced "to file a new lawsuit," as Defendants request. (Doc. 115, at 6.) This is of particular concern here because my Opinion & Order dismissed Plaintiffs' suit on jurisdictional grounds, and, even though the parties did not fully brief subject matter jurisdiction under the APA, I was "under an independent obligation to examine [such] jurisdiction." *Local 377, RWDSU, UFCW v. 1864 Tenants Ass'n*, 533 F.3d 98, 99 (2d Cir. 2008). This possibility of confusion would in fact undermine "the philosophy favoring the finality of judgments and the expeditious termination of litigation." *Nat'l Petrochemical Co. of Iran*, 930 F.2d at 245 (internal quotations and citation omitted).

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration or to amend the judgment and for leave to file an amended complaint, (Doc. 108), is GRANTED. Accordingly, it is hereby:

ORDERED that the Clerk of Court is respectfully directed to vacate the judgment entered on March 18, 2019, (Doc. 107), and reopen this case;

IT IS FURTHER ORDERED that Plaintiffs shall file their proposed amended complaint no later than thirty (30) days after entry of this Opinion & Order. Defendants shall answer or otherwise respond to Plaintiffs' amended complaint no later than thirty (30) days after the filing of the amended complaint.

SO ORDERED.

Dated: March 12, 2020
      New York, New York

*Vernon S. Broderick*
United States District Judge