

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

May 7, 2025

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Riverkeeper, Inc. v. Zeldin*, No. 17 Civ. 4916 (VSB)

Dear Judge Broderick:

      On behalf of defendants U.S. Environmental Protection Agency ("EPA") and Lee Zeldin, in his official capacity as Administrator of the EPA (jointly, "defendants") and with the consent of all parties, I write to provide the Court a status update as provided in the Court's endorsed orders dated August 21, 2024, and April 25, 2025 (ECF Nos. 208, 210).

      Since the parties' August 15, 2024 letter to the Court (ECF No. 207), the Notice of Proposed Rule Making for defendant-intervenor New York State Department of Environmental Conservation's ("NYSDEC") Saline Reclassification Rule Making, to amend 6 NYCRR Parts 701, 703, 864, 890, 891, 920, and 935, was formally announced in the State Register on April 16, 2025. *See* 47 N.Y. Reg. 7 (Apr. 16, 2025). At the same time, NYSDEC made the supporting rule making documents, including the Use Attainability Analysis—Financial Capability Assessment ("UAA"), publicly available on DEC's website. *See* https://dec.ny.gov/sites/default/files/2025-04/harlemriveruseattainanalysis.pdf. According to NYSDEC, barring unforeseen circumstances, such as litigation or other concerns raised in the rulemaking process, it is NYSDEC's expectation to file a Notice of Adoption of this rule with the New York State Department of State by September 30, 2025.

      It is Plaintiffs' position and assertion that, upon publication of a final rule, NYSDEC needs to immediately thereafter submit the rule, the UAA, and any other documentation necessary for an informed review to EPA, pursuant to Section 303(c) of the Clean Water Act. Plaintiffs maintain that, given that this dispute revolves around the adoption of water quality standards approvable by EPA as consistent with the CWA, absent formal approval of the rule by EPA, there will be no way to know whether meaningful progress has been made towards resolving this central issue. Plaintiffs believe that the usefulness of any further abeyance will depend on resolving this dispute.

      To allow NYSDEC time to finalize the Saline Reclassification Rule Making and for the parties to negotiate a further timeline for subsequent rule makings, defendants respectfully request that the Court continue to hold in abeyance any action on the parties' pending cross-motions for

Hon. Vernon S. Broderick Page 2 of 2
May 7, 2025

summary judgment and NYSDEC's motion to amend its answer to assert a cross-claim against EPA (ECF Nos. 128, 150, 145, 154, 173) until **February 2, 2026**. Defendants further propose that the parties submit a joint status letter to the Court on or before **January 28, 2026,** to advise the Court of the parties' progress at that point. In light of this request, the parties have agreed that any party may file a letter with this Court to terminate the abeyance period prior to February 2, 2026, but must first notify the remaining parties at least two weeks prior to filing its letter and engage in a meet and confer as soon as reasonably practicable. This is the defendants' tenth request on consent for the Court to hold these motions in abeyance. Plaintiffs and intervenor-defendants NYSDEC and the City of New York consent to this request.

We thank the Court for its consideration of this request.

Respectfully,

JAY CLAYTON
United States Attorney

By: */s/ Tomoko Onozawa*
TOMOKO ONOZAWA
Assistant United States Attorney
Tel: (212) 637-2721
Fax: (212) 637-2686
tomoko.onozawa@usdoj.gov

cc (via ECF): All counsel of record

The above-captioned case is hereby STAYED until February 2, 2026. The parties are directed to submit a joint status update to the Court by January 28, 2026.

Dated: May 8, 2025

SO ORDERED:

*[signature]*

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE