**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 30, 2026

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Riverkeeper, Inc. v. Zeldin*, No. 17 Civ. 4916 (VSB)

Dear Judge Broderick:

On behalf of defendants U.S. Environmental Protection Agency ("EPA") and Lee Zeldin, in his official capacity as Administrator of the EPA (jointly, "defendants") and with the consent of all parties, I write to provide the Court a status update as provided in the Court's endorsed order dated March 31, 2026 (ECF No. 224).

Since the parties' March 30, 2026 letter to the Court (ECF No. 223), intervenor-defendant New York State Department of Environmental Conservation ("NYSDEC") has continued to make significant progress on its efforts to update New York State's water quality standard regulations and waterbody classifications. On September 10, 2026, EPA approved NYSDEC's Saline Reclassification Rule Making to amend Title 6 New York Codes, Rules and Regulations ("NYCRR") Parts 701, 703, 864, 890, 891, 920, and 935, which NYSDEC published in the State Register on October 15, 2025.[1] In addition, on September 16, 2026, NYSDEC published a Notice of Proposed Rulemaking which proposes to amend the state's regulations in Title 6 NYCRR Part 890, to amend the classification of Newtown Creek from Class SD to Class I, with the reclassification of Newtown Creek supported by a Use Attainability Analysis.[2] Following a public notice and comment period, NYSDEC anticipates completing this second rulemaking in February 2027.

To allow NYSDEC time to complete this rulemaking and for the parties to confer on next steps thereafter, defendants respectfully request that the Court continue to hold in abeyance any action on the parties' pending cross-motions for summary judgment and NYSDEC's motion to amend its answer to assert a crossclaim against EPA (ECF Nos. 128, 150, 145, 154, 173) until **March 31, 2027**. Defendants further propose that the parties submit a joint status letter to the Court on or before **March 31, 2027,** to advise the Court of the parties' progress at that point. In light of this request, the parties have agreed that any party may file a letter with this Court to

[1] *See* https://dos.ny.gov/system/files/documents/2025/10/101525.pdf.

[2] *See* https://dos.ny.gov/system/files/documents/2026/09/091626.pdf.

terminate the abeyance period prior to March 31, 2027, but must first notify the remaining parties at least two weeks prior to filing its letter and engage in a meet and confer as soon as reasonably practicable. This is the defendants' twelfth request on consent for the Court to hold these motions in abeyance. Plaintiffs and intervenor-defendants NYSDEC and the City of New York consent to this request.

We thank the Court for its consideration of this request.

Respectfully,

JAMES M. MCDONALD
United States Attorney

*/s/ Tomoko Onozawa*

By: TOMOKO ONOZAWA
Assistant United States Attorney
Tel.: (212) 637-2721
tomoko.onozawa@usdoj.gov

cc: All counsel of record (via ECF)

APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J. 10/1/2026